No. 38,481

KENNETH PIPPIN and MARGARET PIPPIN, *Appellants,* v. COMMERCE LOAN AND INVESTMENT COMPANY, INC., *Appellee.*

(242 P. 2d 1060)

Opinion filed April 12, 1952.

*Robert M. Murray,* of Kansas City, Mo., argued the cause, and *Frank L. Bates,* of Kansas City, was with him on the briefs for the appellants.

*John E. Shamberg,* of Kansas City, argued the cause, and *Joseph Cohen, Charles S. Schnider, Thomas E. Joyce, Norma Braly* and *Joseph P. Jenkins,* all of Kansas City, were with him on the briefs for the appellee.

*Payne H. Ratner, Ora D. McClellan, Louise Mattox, Payne H. Ratner, Jr., Keith Sanborn, Edgar M. Miner* and *Gerald L. Michaud,* all of Wichita, filed a brief *amicus curiae* on behalf of Brotherhood of Railroad Trainmen.

The opinion of the court was delivered by

PRICE, J.: This is an appeal from an order sustaining a demurrer to an amended petition, as amended, in an action by the borrowers to recover alleged usurious interest paid to the lender, together with penalties, as provided by G. S. 1949, 16-202 and 203.

The matter grew out of the execution of a promissory note and the contemporaneous purchase by the borrowers of a so-called investment certificate in like amount, issued by the lender, the latter instrument being alleged to be a mere subterfuge and scheme by the lender to exact interest in excess of ten percent.

Appellee has filed a motion to dismiss the appeal on the ground this court has no jurisdiction as the amount in controversy is less than one hundred dollars.

G. S. 1949, 60-3303, provides in part:

". . . No appeal shall be had or taken to the supreme court in any civil action for the recovery of money unless the amount or value in controversy, exclusive of costs, shall exceed one hundred dollars, . . ."

We haxe examined carefully appellants' arguments in resistance to the motion to dismiss but find them to be without merit. It is

true that a construction of the so-called investment certificate and of the circumstances surrounding its issuance is a necessary incident to the determination of appellants' right to recover in the first instance, but, the fact remains—*the action is one for the recovery of money.* The allegations of the amended petition, as amended, as well as appellants' briefs and oral argument, do not even contend that as much as one hundred dollars is in controversy. It is clear the amount is much less. Such being the case, this court is without jurisdiction to pass upon the merits of the appeal and it is therefore dismissed.